IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

DWIGHT D. O'NEILL )
)
    Plaintiff, )
)
v. ) No. 2:22-CV-04004-WJE
)
KILOLO KIJAKAZI, )
Acting Commissioner of Social Security, )
)
    Defendant. )

**ORDER**

    Plaintiff Dwight D. O'Neill seeks judicial review[1] of a final administrative decision of the Acting Commissioner of Social Security ("Acting Commissioner") denying his claim for disability insurance benefits ("DIB") under Title II of the Social Security Act ("SSA"), 42 U.S.C. §§ 401-434, and supplemental security income ("SSI") under Title XVI of the SSA, 42 U.S.C. §§ 1382-1385. Administrative Law Judge Kellie Wingate Campbell ("ALJ") found that although Mr. O'Neill had several severe and non-severe impairments, he retained the residual functional capacity ("RFC") to perform a reduced range of sedentary work before June 8, 2020, and a reduced range of light work after June 8, 2020. After carefully reviewing the record and the parties' arguments, the Court finds the ALJ's opinion is supported by substantial evidence on the record as a whole. Therefore, the Acting Commissioner's decision is AFFIRMED.

**I. Background**

    Mr. O'Neill filed claims for DIB and SSI on February 5, 2020. (AR 13). He alleged a disability onset date of June 21, 2019, due to cervical spine multiple degeneration/cervical

---

[1] With the consent of the parties, this case was assigned to a United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(c).

corpectomy, disc disease, cervical stenosis, severe lumbar degenerative disc disease, cervical spondylosis/radiculopathy arthrodesis, hypertension, and coronary heart disease. (*Id.* 13, 264). His claims were initially denied on May 28, 2020. (*Id.* 13). He filed a written request for a hearing, which was held on February 9, 2021. (*Id.*).

On March 23, 2021, the ALJ denied Mr. O'Neill's claims. (*Id.* 10-26). The ALJ determined that although Mr. O'Neill had severe impairments, none of them met or exceeded a listed impairment. (*Id.* 16-17). The ALJ also determined that Mr. O'Neill had an RFC to perform sedentary work before June 8, 2020, and light work after June 8, 2020, all with the following nonexertional limitations:

> [He can] never climb ladders, ropes, or scaffolds; must never be exposed to unprotected heights or hazardous work environments; can no more than occasionally climb ramps or stairs; can no more than occasionally balance, stoop, kneel, crouch, or crawl; and [he] must avoid concentrated exposure to vibration.

(*Id.* 17). The ALJ found that although Mr. O'Neill could not perform his past relevant work, he could perform work, before June 8, 2020, as an ink printer or document preparer, and after June 8, 2020, as a marker, garment sorter, or classifier. (*Id.* 24-25, 57-58).

Following the ALJ's decision, Mr. O'Neill filed an appeal with the Appeals Council. (*Id.* 212-14). The Appeals Council denied his request for review, leaving the ALJ's decision as the final decision of the Acting Commissioner. (*Id.* 2-4). Because Mr. O'Neill has exhausted all administrative remedies, judicial review is now appropriate under 42 U.S.C. §§ 405(g) and 1383(c)(3).

## II. Disability Determination and the Burden of Proof

The burden of establishing a disability as defined by the SSA in 42 U.S.C. §§ 423(d) and 1382c(a) rests on the claimant. *Kirby v. Astrue*, 500 F.3d 705, 707-08 (8th Cir. 2007). The SSA has established a five-step, sequential evaluation process for appraising whether a claimant is

disabled and benefit-eligible. 20 C.F.R. §§ 404.1520, 416.920; *see also Sloan v. Saul*, 933 F.3d 946, 949 (8th Cir. 2019). The Commissioner must evaluate:

> (1) whether the claimant is presently engaged in a substantial gainful activity;
> (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities;
> (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations;
> (4) whether the claimant has the residual functional capacity to perform his or her past relevant work; and
> (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform.

*Dixon v. Barnhart*, 353 F.3d 602, 605 (8th Cir. 2003) (citation omitted); *see also Perks v. Astrue*, 687 F.3d 1086, 1091-92 (8th Cir. 2012) (citation omitted).

### III. Standard of Review

The Eighth Circuit requires the reviewing court to "determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole." *Baker v. Barnhart*, 457 F.3d 882, 892 (8th Cir. 2006) (quotation omitted). "Substantial evidence is less than a preponderance [of the evidence]," in that it merely requires that a reasonable person find the evidence adequate to support the Commissioner's decision. *Id.* (quotation omitted); *see also Cox v. Barnhart*, 345 F.3d 606, 608 (8th Cir. 2003).

The reviewing court must "defer heavily" to the Commissioner's findings and conclusions. *Wright v. Colvin*, 789 F.3d 847, 852 (8th Cir. 2015); *see also Biestek v. Berryhill*, 139 S. Ct. 1148, 1157 (2019) (noting the substantial evidence standard of review "defers to the presiding ALJ, who has seen the hearing up close"). The court may reverse the Commissioner's decision only if it falls outside of the available zone of choice; a decision is not outside this zone simply because the evidence also points to an alternate outcome. *Buckner v. Astrue*, 646 F.3d 549, 556 (8th Cir. 2011).

## IV. Discussion

Mr. O'Neill raises one issue in his appeal before the Court. He argues the RFC decision is not supported by substantial evidence because the ALJ: (1) did not properly consider Dr. Kaci Larsen's medical opinions; and (2) failed to incorporate limitations from Dr. Kevin Rutz's opinion, which she found persuasive. (Doc. 19 at 11-16). The Acting Commissioner argues the RFC decision is supported by substantial evidence because the ALJ: (1) properly evaluated the medical opinion evidence; and (2) concluded Mr. O'Neill's subjective complaints were inconsistent with other evidence in the record. (Doc. 20 at 5-18). The Court finds that substantial evidence supports the ALJ's RFC decision because the ALJ properly considered Dr. Larsen's and Dr. Rutz's medical opinions, and the RFC is consistent with the record as a whole.

"It is the ALJ's function to resolve conflicts among the opinions of various treating and examining physicians." *Pearsall v. Massanari*, 274 F.3d 1211, 1219 (8th Cir. 2001) (citations omitted). "A medical opinion is a statement from a medical source about what [the claimant] can still do despite [his] impairment(s) and whether [he] ha[s] one or more impairment-related limitations or restrictions in the abilities listed in . . . this section." 20 C.F.R. § 416.913(a)(2); *see also* 20 C.F.R. § 404.1513(a)(2). For claims filed on or after March 27, 2017, the ALJ must evaluate medical opinions according to 20 C.F.R. §§ 404.1520c and 416.920c. An ALJ must determine the persuasiveness of medical opinions based on five factors:

> (1) supportability of the opinion with relevant objective medical evidence and supporting explanations;
> (2) consistency with the evidence from other medical sources and nonmedical sources in the claim;
> (3) relationship with the claimant, including length, purpose, and extent of treatment relationship, whether it is an examining source, and frequency of examination;
> (4) specialization; and
> (5) other relevant factors.

*McCoy v. Saul*, No. 4:19-CV-00704-NKL, 2020 WL 3412234, at *2 (W.D. Mo. June 22, 2020)

(citation omitted). The medical opinion's supportability and consistency are "the most important factors" when determining the persuasiveness of the medical opinion. 20 C.F.R. §§ 416.920c(b)(2), 404.1520c(b)(2). So the ALJ must explain how she considered these two factors, but she is not required to explain how she considered the other factors. *See* 20 C.F.R. §§ 416.920c(b)(2), 404.1520c(b)(2).

Here, the ALJ properly evaluated Dr. Larsen's and Dr. Rutz's medical opinions because the ALJ explicitly addressed the supportability and consistency of each opinion. The ALJ found Dr. Larsen's opinions lacked persuasiveness because her opinions "consist[ed] primarily of a standardized short-answer form in which she provided only limited supporting reasoning or clinical finding, which g[ave] her opinions less supportability and reduce[d] their persuasiveness." (AR 23). She also stated that Mr. O'Neill's limited, conservative treatment record did not support Dr. Larsen's opinions. (*Id.*). The ALJ reasoned that Dr. Larsen's opinions were "not fully consistent with the other medical evidence of record . . . [because] the record . . . reflect[ed] a successful surgery that support[ed] decreased limitations, partially supportive physical examinations, and partially supportive diagnostic imaging that would support the limitations in the determined [RFC]." (*Id.*). The ALJ found Dr. Rutz's opinions persuasive. (*Id.* 22). The ALJ found Dr. Rutz's opinion that Mr. O'Neill's condition improved with treatment was "supported by [Mr. O'Neill's] decreasing frequency of treatment, [his] own reports, and Dr. Rutz's consistent notations of [his] improvement, which increase[d] the[] supportability, consistency, and persuasiveness" of his opinion. (*Id.*). The ALJ found Dr. Rutz's opinions "consistent with the other medical evidence of record" because the record showed Mr. O'Neill's "pattern of treatment, gap in treatment after September 2020, . . . own reports to other providers, . . . partially supportive physical examinations, and partially supportive diagnostic testing, which increase[d] the[]

consistency and persuasiveness" of Dr. Rutz's opinions. (*Id.*). Thus, the ALJ properly considered Dr. Larsen's and Dr. Rutz's opinions by addressing their supportability and consistency. *See McCoy*, 2020 WL 3412234, at *4.

Further, although the ALJ found Dr. Rutz's opinions persuasive, she was not required to adopt his opinions verbatim. *See Porter v. Berryhill*, No. 4:17-CV-00072-NKL, 2018 WL 1183400, at *12 (W.D. Mo. Mar. 7, 2018). The Court finds the RFC decision adequately encompasses the limitations in Dr. Rutz's opinions because the RFC limited Mr. O'Neill to sedentary work before June 8, 2020, and to light work after June 8, 2020. (AR 17). The regulations define sedentary work as "lifting no more than 10 pounds at a time[,] . . . [with] sitting[,] . . . walking[,] and standing . . . occasionally[,]" which is consistent with Dr. Rutz's November 2019 opinion that Mr. O'Neill should lift no more than 20 pounds, never twist, and can stand or sit. (*Id.* 353); 20 C.F.R. §§ 404.1567(a), 416.967(a). The regulations define light work as "lifting no more than 20 pounds at a time[,] . . . [with] a good deal of walking or standing, or . . . sitting most of the time[,]" which is consistent with Dr. Rutz's July and August 2020 opinions that Mr. O'Neill should remain on a 20-pound lifting restriction for one more month, and then releasing Mr. O'Neill to full duty work with no permanent restrictions. (AR 546, 582); 20 C.F.R. §§ 404.1567(b), 416.967(b). Accordingly, substantial evidence supports the RFC decision because the ALJ adequately accounted for the limitations from Dr. Rutz's persuasive medical opinions.

## V. Conclusion

For the reasons set forth herein, the Court finds that the Acting Commissioner's determination that Mr. O'Neill was not disabled is supported by substantial evidence in the record. Judgment shall be entered in accordance with this Order.

Accordingly,

IT IS, THEREFORE, ORDERED that the decision of the Acting Commissioner is affirmed as set forth herein.

Dated this 1st day of December 2022, at Jefferson City, Missouri.

*Willie J. Epps, Jr.*

Willie J. Epps, Jr.
United States Magistrate Judge